IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OMAR KHADR,<br>Detainee,<br>Guantánamo Bay Naval Base<br>Guantánamo Bay, Cuba;<br><br>Petitioner,<br><br>v.<br><br>BARACK OBAMA, President of the<br>United States;<br><br>ROBERT M. GATES, United States<br>Secretary of Defense;<br><br>Rear Admiral DAVID M. THOMAS,<br>Commander, Joint Task Force, Guantánamo<br>Bay, Cuba<br><br>Colonel BRUCE E. VARGO, Commander,<br>Joint Detention Operations Group, Joint<br>Task Force, Guantánamo Bay, Cuba<br><br>Colonel NELSON J. CANNON,<br>Commander, Camp Four, Guantánamo Bay,<br>Cuba;<br><br>Respondents.<br><br>All sued in their official capacities. | MOTION FOR LEAVE TO FILE<br>SECOND AMENDED PETITION<br>FOR WRIT OF HABEAS CORPUS<br>AND COMPLAINT FOR<br>DECLARATORY AND INJUNCTIVE<br>RELIEF<br><br>Case Number 1:04CV01136<br>Judge: John D. Bates<br>Deck Type: Habeas Corpus/2255 |

_____

MOTION TO AMEND PETITION FOR WRIT OF HABEAS CORPUS AND
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Petitioner Omar Khadr moves under Federal Rule of Civil Procedure 15(a) for leave to file a

Second Amended Petition for Writ of Habeas Corpus.  A copy of the proposed Second Amended

Petition is attached.  Plaintiffs also submit the accompanying Memorandum of Law in Support of

this Motion.

Respectfully submitted,

_____/s/_____

Barry Coburn
Kobie Flowers
Coburn & Coffman PLLC
1244 19th Street, Northwest
Washington, DC  20036
202-657-4490

Counsel for Petitioner

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OMAR KHADR,<br>Detainee,<br>Guantánamo Bay Naval Base<br>Guantánamo Bay, Cuba;<br><br>Petitioner,<br><br>v.<br><br>BARACK OBAMA, President of the<br>United States;<br><br>ROBERT M. GATES, United States<br>Secretary of Defense;<br><br>Rear Admiral DAVID M. THOMAS,<br>Commander, Joint Task Force, Guantánamo<br>Bay, Cuba<br><br>Colonel BRUCE E. VARGO, Commander,<br>Joint Detention Operations Group, Joint<br>Task Force, Guantánamo Bay, Cuba<br><br>Colonel NELSON J. CANNON,<br>Commander, Camp Four, Guantánamo Bay,<br>Cuba;<br><br>Respondents.<br><br>All sued in their official capacities. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)     LEGAL MEMORANDUM ON THE<br>MOTION FOR LEAVE TO FILE<br>SECOND AMENDED PETITION<br>FOR WRIT OF HABEAS CORPUS<br>AND COMPLAINT FOR<br>DECLARATORY AND INJUNCTIVE<br>RELIEF<br><br>Case Number 1:04CV01136<br>Judge: John D. Bates<br>Deck Type: Habeas Corpus/2255 |

_____

LEGAL MEMORANDUM ON THE MOTION FOR LEAVE TO FILE SECOND
AMENDED PETITION FOR WRIT OF HABEAS CORPUS AND COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF

_____

Barry Coburn
Kobie Flowers
Coburn & Coffman PLLC
1244 19th Street, Northwest
202-657-4490
Counsel for Petitioner

Petitioner Omar Khadr filed a Petition for Writ of Habeas Corpus on July 2, 2004 and filed an Amended Petition for Writ of Habeas Corpus on August 17, 2004. Omar filed a Supplemental Petition for Writ of Habeas Corpus and Relief on December 14, 2005. Omar now moves for leave to file a Second Amended Petition. The Second Amended Petition is requested in order to:

(a) to reflect the changes that have developed in the law regarding authorization for the military tribunals and alien detainee access to Article III courts, including *Hamdan v. Rumsfeld*, 548 U.S. 557 (2006) and *Boumediene v. Bush*, 553 U.S. 723 (2008), and the passage and subsequent amendment of the Military Commissions Act in 2006 and 2009, respectively.

(b) to update the progression of Omar's case before the military commission, including revised charges and the denial of Omar's access to evidence being used against him;

(c) to include new information that has come to light about Omar's detention and to update the history with events that have occurred or information that has emerged since 2005;

(d) to addresses the legal changes to the Military Commissions Act that substantially alter the facts and laws upon which the court based its decision to order the habeas petition held in abeyance pending completion of the military commission proceedings. *Khadr v. Bush*, 587 F. Supp. 2d 225, 238 (2008).

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 15(a), a party may amend a pleading by leave of the court, and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Petitions for writs of habeas corpus submitted pursuant to 28 U.S.C. § 2241 "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28

U.S.C. § 2242.  The Court of Appeals for the D.C. Circuit has found that this rule applies also to petitions submitted pursuant to 28 U.S.C. 2255, which is silent on the issue of amendments. *United States v. Hicks*, 283 F.3d 380, 386 (2002).  The court therefore held that the "permissive approach" of Rule 15(a) of the Federal Rules of Civil Procedure apples with equal force at least to petitions submitted pursuant to 28 U.S.C. § 2241, which is relevant to the present case, and 28 U.S.C. §2255.  *Id.*; *see also United States v. Thomas*, 221 F.3d 430, 435-36 (3d Cir. 2000).

## ARGUMENT

Rule 15 of the Federal Rules of Civil Procedure is intended to provide litigants with the opportunity to fully present the facts and claims of the case so that a decision by the court may be reached on the merits.  "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Omar's amended petition furthers this purpose.

The decision to grant a motion to amend is within the court's discretion and should be freely granted.  *Id.*  The Supreme Court has held that leave to amend should be denied only under limited circumstances of undue delay, bad faith or dilatory motives on the part of the movant, repeated failures to cure deficiencies in previously allowed amendments, futility of the amendment, or undue prejudice to the opposing party.  *Foman*, 371 U.S. at 182; *Richardson v. United States*, 193 F.3d 545, 549 (D.C. Cir. 1999); *Atkinson v. District of Columbia*, 73 F.3d 418, 425-426 (D.C. Cir. 1996).  No such reasons are applicable to the present case.

The submission of the amended petition is not the result of undue delay.  The amended Military Commissions Act passed into law in November 2009, and it bears significantly on the jurisdictional arguments of the proposed Second Amended Petition as well as on Omar's

substantive claims regarding the military commissions generally and as they specifically pertain to him.  Moreover, the Secretary of Defense has not yet submitted to Congress the amended Regulation for Trial by the Military Commissions or the amended Manual for Military Commissions, which consists of the Rules for Military Commissions, the Military Commission Rules of Evidence, and the Crimes and Elements.  Ideally, the amended petition would have incorporated the amended rules.  Moreover, Omar is faced with defending himself in a suppression hearing on April 27, 2010 and in a military commission trial on July 12, 2010 without knowing the rules that govern those proceedings.  Given the many changes occurring in military commissions practice, it was reasonable to delay briefly submission of the Second Amended Petition in the hopes that the rules would be published.

Omar does not act with bad faith or dilatory motives in filing the motion.  Filing an amended motion is the most efficient way to apprise the Court of the factual, procedural and substantive evolutions that have occurred regarding Omar's detention and trial by military commission.  The Second Amended Petition addresses revisions to the Military Commissions Act that have substantial effects upon the circumstances in which this Court based its order in 2008 to hold Omar's habeas petition in abeyance pending completion of the military commission proceedings.  *Khadr*, 587 F. Supp. 2d at 238.  The Second Amended Petition also reflects newly discovered evidence about Omar's seizure, the interrogations to which he was subject, the mistreatment that he suffered during the eight years that he was detained in Bagram, Afghanistan and Guantánamo Bay, Cuba, the government's denial of Omar's access to evidence being used against him, and the government's position that the most important evidence (i.e., Omar's alleged confessions) would not be used against him if this case was tried in an Article III court.  All of these issues raise new and significant questions regarding the legality of his continued

detention and his pending trial.   Finally, the Second Amended Petition addresses issues pertaining to prosecutorial misconduct and unlawful command influence that have affected Omar's case as it moves toward trial.   As detailed in the Second Amended Petition, officials within the executive branch have attempted to influence the prosecution.   In addition, the prosecution is relying on statements obtained from Omar via methods of torture and is refusing to give the defense access to key evidence, including the identities of or access to Omar's interrogators, which effectively has prevented Omar from mounting an effective defense against the prosecution.

Nor are the amendments futile; they address substantive changes to the law and reflect important and previously unknown evidence regarding Omar's seizure and detention. The proposed Second Amended Petition also includes recent developments as to Omar's pending military trial, such as the Government's reliance on statements obtained though torture and the interference with Omar's right to confront interrogators who participated in extracting those statements.   These "underlying facts or circumstances" substantially affect the court's jurisdiction over the case and the merits of Omar's arguments.  *See Foman*, 371 U.S. at 182.

The Second Amended Petition does not unduly prejudice the Respondents.  "To show prejudice sufficient to justify a denial of leave to amend the "opposing party 'must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the amendments been timely.'" *In re Vitamins Antitrust Litig.*, 217 F.R.D. 34, 36 (D.C. Cir. 2003) (granting plaintiffs' Motion for Leave to File Third Amended Complaint) (quoting *Dooley v. United Technologies Corp.*, 152 F.R.D. 419, 425 (D.D.C. 1993)). The proposed Second Amended Petition cannot unduly prejudice the Respondents because the amendments are timely and made in response to recent changes in the law.  The Respondents are

not unfairly disadvantaged or deprived of the opportunity to present facts or evidence in response to the petition.  To the extent the Second Amended Petition will require further briefing by Respondents, such actions are wholly appropriate given the changing state of law and the seriousness of the claims made; as such, they cannot be considered undue prejudice.

Finally, Omar has not repeatedly failed to cure deficiencies in previously allowed amendments.  This is Omar's first attempt to amend the petition in order to respond to the passage of the Military Commissions Act and to the Supreme Court's ruling in *Hamdan v. Rumsfeld*, 548 U.S. 557 (2006), and in *Boumediene v. Bush*, 553 U.S. 723 (2008).

## CONCLUSION

For the reasons stated above, Omar requests leave to file a Second Amended Petition for Writ of Habeas Corpus.


Dated: April 16, 2010

<div style="margin-left:40%">

Respectfully submitted,

_____/s/_____

Barry Coburn
Kobie Flowers
Coburn & Coffman PLLC
1244 19th Street, Northwest
Washington, DC  20036
202-657-4490

Counsel for Petitioner

</div>

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OMAR KHADR,<br>Detainee,<br>Guantánamo Bay Naval Base<br>Guantánamo Bay, Cuba;<br><br>Petitioner,<br><br>v.<br><br>BARACK OBAMA, President of the<br>United States;<br><br>ROBERT M. GATES, United States<br>Secretary of Defense;<br><br>Rear Admiral DAVID M. THOMAS,<br>Commander, Joint Task Force, Guantánamo<br>Bay, Cuba<br><br>Colonel BRUCE E. VARGO, Commander,<br>Joint Detention Operations Group, Joint<br>Task Force, Guantánamo Bay, Cuba<br><br>Colonel NELSON J. CANNON,<br>Commander, Camp Four, Guantánamo Bay,<br>Cuba;<br><br>Respondents.<br><br>All sued in their official capacities. | [PROPOSED] ORDER ON MOTION<br>FOR LEAVE TO FILE SECOND<br>AMENDED PETITION FOR WRIT<br>OF HABEAS CORPUS AND<br>COMPLAINT FOR DECLARATORY<br>AND INJUNCTIVE RELIEF<br><br>Case Number 1:04CV01136<br>Judge: John D. Bates<br>Deck Type: Habeas Corpus/2255 |

_____

**[PROPOSED] ORDER**

Petitioner's Motion for Leave to File Second Amended Petition for Writ of Habeas

Corpus and Complaint for Declaratory and Injunctive Relief is hereby GRANTED.


Dated: _____, 2010          _____
                                        Hon. John D. Bates
                                        United States District Court Judge

## CERTIFICATE OF SERVICE

I hereby certify that on April 16, 2010, a copy of the foregoing Motion For Leave to File Second

Amended Petition for Writ of Habeas Corpus, and the Proposed Order on the Motion For Leave

to File a Second Amended Petition for Writ of Habeas Corpus, and the attachments thereto, were

filed electronically.  Notice of this filing will be sent by e-mail to all parties by operation of the

Court's electronic filing system.  Parties may access this filing through the Court's system.

_____/s/_____

Barry Coburn
Kobie Flowers
Coburn & Coffman PLLC
1244 19th Street, Northwest
Washington, DC  20036
202-657-4490

Counsel for Petitioner